UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 15-61492-CIV-COOKE/TORRES

ADIDAS AG, *et al.*,

    Plaintiffs,

vs.

ADILKAS, *et al.*,

    Defendants.
_____/

## ORDER GRANTING PLAINTIFFS' APPLICATION FOR PRELIMINARY INJUNCTION

**THIS MATTER** is before me on Plaintiffs'[1] Application for Preliminary Injunction against Defendants[2] pursuant to 15 U.S.C. § 1116 and Federal Rule of Civil Procedure 65, for alleged violations of the Lanham Act, 15 U.S.C. §§ 1114, and 1125(a) (the "Application for Preliminary Injunction") (ECF No. 7). I have reviewed the Application for Preliminary Injunction and accompanying attachments, the record, and the relevant legal authority.

Defendants have not responded to the Application for Preliminary Injunction, nor made any filing in this case, nor have Defendants appeared in this matter either individually or through counsel. Defendants were on notice that failure to appear at the hearing may result in the imposition of a preliminary injunction. ECF No. 13 at IV(16). For the reasons discussed below, Plaintiffs' Application for Preliminary Injunction (ECF No. 7) is **GRANTED**.

---

[1] Plaintiffs include adidas AG ("adidas AG"), adidas International Marketing B.V. ("adidas International"), and adidas America, Inc. ("adidas America") (collectively, "adidas"), as well as Reebok International Limited ("Reebok International") and Reebok International Ltd. ("Reebok Ltd.") (collectively, "Reebok"), and Sports Licensed Division of the adidas Group, LLC ("SLD").

[2] Defendants are the Individuals, Partnerships and Unincorporated Associations identified on Schedule "A" hereto and Does 1-10.

I.   FACTUAL BACKGROUND[3]

Plaintiff adidas is the registered owner of the following trademarks on the Principal Register of the United States Patent and Trademark Office (collectively, the "adidas Marks"):

| Trademark | Registration Number | Registration Date | Class / Goods |
|---|---|---|---|
| ADIDAS | 0,891,222 | May 19, 1970 | IC25 - sportswear namely, suits, shorts, pants, tights, shirts, gloves, and the like; jerseys; socks; sport shoes namely, track and field training shoes, basketball shoes, and tennis shoes. |
| (trefoil logo) | 0,973,161 | November 20, 1973 | IC 25 - specific purpose athletic shoes; general purpose sport shoes, sportswear-namely, suits, shorts, pants, tights, shirts, jerseys, socks, and gloves. |
| adidas | 1,300,627 | October 16, 1984 | IC 025 - sportswear namely, suits, shorts, pants, tights, shirts, jerseys, socks, gloves, jackets, coats, swimwear, sweaters, caps, pullovers, warm-up suits, rain suits, ski suits, jump suits, boots, shoes, slippers. |
| (trefoil logo) | 1,310,140 | December 18, 1984 | IC 025 - sportswear-namely, suits, shorts, pants, tights, shirts, jerseys, socks, gloves, jackets, coats, swimwear, sweaters, caps, pullovers, warm-up suits, rain suits, ski suits, jump suits, boots, shoes, slippers. |

---

[3] The factual background is taken from Plaintiffs' Complaint (ECF No. 1), Plaintiffs' Application for Preliminary Injunction (ECF No. 7), and supporting evidentiary submissions. Plaintiffs filed declarations and exhibits annexed thereto in support of its Application for Preliminary Injunction. The declarations are available in the docket at the following entries: Declaration of Jeni B. Zuercher (ECF No. 8), Declaration of Virgilio Gigante (ECF No. 9), Declaration of Eric Rosaler (ECF No. 10), and Declaration of Kathleen Burns (ECF No. 11).

| | | | |
|---|---|---|---|
| adidas | 2,411,802 | December 12, 2000 | IC 018 - all purpose sport bags, athletic bags, traveling bags, backpacks, knapsacks, beach bags.<br><br>IC 025 - sports and leisure wear, namely, shorts, pants, shirts, t-shirts, jerseys, tights, socks, gloves, jackets, swimwear, caps and hats, pullovers, sweat-shirts, sweat suits, track suits, warm-up suits, rain suits; boots, slippers, sandals, specific purpose athletic shoes and general all purpose sports shoes.<br><br>IC 028 - sports balls and playground balls; guards for athletic use, namely, shin guards, knee guards and leg guards. |
| adidas trefoil | 3,104,117 | June 13, 2006 | IC 009 - optical apparatus and instruments, namely, eyeglasses and sunglasses.<br><br>IC 014 - horological and chronometric instruments, namely, watches<br><br>IC 018 - leather and imitations of leather, and goods made from these materials in the nature of bags for general and sport use, namely handbags, tote bags, waist packs, overnight bags, backpacks, knapsacks and beach bags; trunks; traveling bags for general and sport use; leather and imitations of leather and goods made from these materials, namely, wallets, briefcases.<br><br>IC 025 - sports and leisure wear, namely suits, shorts, pants, sweatpants, skirts, skorts, dresses, blouses, shirts, t-shirts, sleeveless tops, polo shirts, vests, jerseys, sweaters, sweatshirts, pullovers, coats, jackets, track suits, training suits, warm-up suits, swimwear, underwear, socks, gloves, scarves, wristbands and belts; headgear, namely caps, hats, visors, headbands; athletic footwear and leisure foot wear, namely boots, sandals, specific purpose athletic shoes and general purpose sports shoes. |

3

| Trademark | Registration Number | Registration Date | Class / Goods |
|---|---|---|---|
| adidas | 4,679,762 | January 27, 2015 | IC 009 - Mobile phone covers; laptop covers and sleeves; protective covers and sleeves for tablet computer |
| adidas (trefoil logo) | 4,679,763 | January 27, 2015 | IC 009 - Mobile phone covers; laptop covers and sleeves; protective covers and sleeves for tablet computer |

(*See* Declaration of Jeni B. Zuercher in Support of Plaintiffs' Application for Preliminary Injunction ["Zuercher Decl."] ¶ 5.)  The adidas Marks are used in connection with the manufacture and distribution of goods in the categories identified above. (*Id.*)

Plaintiff Reebok is the registered owner of the following trademarks on the Principal Register of the United States Patent and Trademark Office (collectively, the "Reebok Marks"):

| Trademark | Registration Number | Registration Date | Class / Goods |
|---|---|---|---|
| REEBOK | 1,390,793 | April 22, 1986 | IC 18 - all purpose sport bags<br><br>IC 25 - sweatpants, shorts, sweaters, polo shirts, hats, visors, headbands, sweatbands, t-shirts, sweatshirts. |
| (Reebok vector logo) | 1,848,848 | August 9, 1994 | IC 018 - all purpose sport bags, duffel bags, tote bags, knapsacks, and shoulder bags.<br><br>IC 025 - footwear and apparel; namely, t-shirts, shirts, sweatshirts, sweaters, jackets, hats, visors, socks, sweatpants, pants, shorts, skirts, unitards, and leotards. |

4

| Trademark | Registration Number | Registration Date | Class / Goods |
|---|---|---|---|
| RBK | 3,074,802 | March 28, 2006 | IC 025 - footwear; headwear; apparel, namely, [sweatpants, sweatshirts,] shirts, [shorts, sweaters, socks, jackets, sweat suits, warm-up suits, shooting shirts, fleece tops, tank tops, polo shirts, pants, athletic bras, leggings, skirts, turtlenecks, vests, dresses, athletic uniforms, gloves, infant wear, running suits.]<br><br>IC 028 - sports equipment, namely, [basketballs, footballs, rugby balls, soccer balls, in-line skates,] hockey skates; protective hockey equipment, namely shin pads, elbow pads, shoulder pads, [and pants; protective in-line skating equipment, namely kneepads and elbow pads.] |

(*See* Zuercher Decl. ¶ 14.) The Reebok Marks are used in connection with the manufacture and distribution of goods in the categories identified above. (*Id.*)

SLD is the owner of the following trademark registered on the Principal Register of the United States Patent and Trademark Office (the "Mitchell & Ness Mark"):

| Trademark | Registration Number | Registration Date | Class / Goods |
|---|---|---|---|
| MITCHELL & NESS | 2,860,283 | July 6, 2004 | IC 025 - sports jerseys, jackets, shirts, t-shirts, sweaters, caps, hats, head bands and wrist bands |

(*See* Zuercher Decl. ¶ 23.) The Mitchell & Ness Mark is used in connection with the manufacture and distribution of goods in the categories identified above. (*Id.*)

Defendants, through the operation of Internet e-commerce stores under their seller identification names identified on Schedule "A" hereto (collectively the "Seller IDs"), have advertised, promoted, offered for sale, or sold goods bearing what Plaintiffs have determined to be counterfeits, infringements, reproductions or colorable imitations of the

5

adidas Marks, the Reebok Marks, or the Mitchell & Ness Mark (collectively, "Plaintiffs' Marks"). (*See* Zuercher Decl. ¶¶ 31-36.)

Although each Defendant may not copy and infringe each of Plaintiffs' Marks for each category of goods protected, Plaintiffs have submitted sufficient evidence showing each Defendant has infringed, at least, one or more of Plaintiffs' Marks at issue. (*Id.*) Defendants are not now, nor have they ever been, authorized or licensed to use, reproduce, or make counterfeits, reproductions, or colorable imitations of Plaintiffs' Marks. (*See* Zuercher Decl. at ¶ 31.)

Plaintiffs retained Aries Claim Services and AED Investigations, Inc., both licensed private investigative firms, to investigate the sale of counterfeit versions of Plaintiffs' products by Defendants. (*See* Zuercher Decl. at ¶ 32; Declaration of Kathleen Burns in Support of Plaintiffs' Application for Preliminary Injunction ["Burns Decl."] ¶ 3; Declaration of Eric Rosaler in Support of Plaintiffs' Application for Preliminary Injunction ["Rosaler Decl."] ¶ 3. Kathleen Burns, a partner at Aries Claims Services, accessed the Internet based e-commerce stores operating under the Seller IDs identified on Schedule "B-1" hereto, and placed orders from each Seller ID for the purchase of various products, all bearing at least one of Plaintiffs' respective trademarks at issue in this action, and requested each product be shipped to her address in the Southern District of Florida. (*See* Burns Decl. ¶ 4.) Following the submission of her orders, Ms. Burns was instructed that she could finalize her purchase by making payment to Defendants' respective PayPal accounts, which are identified on Schedule B-1. (*Id.*) While accessing each e-commerce store, Ms. Burns also captured and downloaded webpages reflecting the products being sold and all purchase transaction and payment instructions. (*Id.*)

Additionally, Eric Rosaler, an officer of AED Investigations, Inc., accessed the Internet based e-commerce stores operating under the Seller IDs identified on Schedule "B-2" hereto, and placed orders from each Seller ID for the purchase of various products, all bearing at least one of Plaintiffs' respective trademarks at issue in this action, and requested each product to be shipped to his address in the Southern District of Florida. (*See* Rosaler Decl. ¶ 4.) Following submission of his orders, Mr. Rosaler was likewise instructed that he could finalize his purchase by making payment to Defendants' respective PayPal accounts, which are identified on Schedule B-2. (*Id.*) While accessing each e-commerce store, Mr.

6

Rosaler also captured and downloaded webpages reflecting the products being sold and all purchase transaction and payment instructions. (*Id.*)

Plaintiffs' representative visually inspected the items offered for sale under Plaintiffs' Marks on the e-commerce stores operating under each of the Seller IDs, and determined the products were not genuine versions of Plaintiffs' products. (*See* Zuercher Decl. ¶¶ 34-36.)

On July 22, 2015, Plaintiffs filed their *Ex Parte* Application for Entry of Temporary Restraining Order, Preliminary Injunction, and Order Restraining Transfer of Assets (the "*Ex Parte* Application") (ECF No. 7, entered on docket July 23, 2015). On August 5, 2015, I issued a Sealed Order Granting Plaintiffs' *Ex Parte* Application for Entry of Temporary Restraining Order (ECF No. 13, entered on docket August 6, 2015) thereby temporarily restraining Defendants from infringing Plaintiffs' Marks at issue. On August 11, 2015 and August 12, 2105, Plaintiffs served Defendants in the manner set forth in the Order Granting Plaintiffs' *Ex Parte* Application for Entry of Temporary Restraining Order, and on August 18, 2015, filed proofs of service. (ECF Nos. 16 and 17).

## II.   LEGAL STANDARD

In order to obtain a preliminary injunction, a party must demonstrate "(1) [there is] a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the non-movant; and (4) that the entry of the relief would serve the public interest." *Schiavo ex. rel Schindler v. Schiavo*, 403 F.3d 1223, 1225–26 (11th Cir. 2005); *see also Levi Strauss & Co. v. Sunrise Int'l. Trading Inc.*, 51 F.3d 982, 985 (11th Cir. 1995) (applying the test to a preliminary injunction in a Lanham Act case).

## III.   ANALYSIS

The declarations Plaintiffs submitted in support of its Application for Preliminary Injunction support the following conclusions of law:

A.   Plaintiffs have a strong probability of proving at trial that consumers are likely to be confused by Defendants' advertisement, promotion, sale, offer for sale, or distribution of goods bearing counterfeits, reproductions, or colorable imitations of Plaintiffs' Marks, and that the products Defendants are selling and promoting for sale are copies of Plaintiffs products that bear copies of Plaintiffs' Marks.

B.  Because of the infringement of the Plaintiffs' Marks, Plaintiffs are likely to suffer immediate and irreparable injury if a preliminary injunction is not granted. The following specific facts, as set forth in Plaintiffs' Complaint, Application for Preliminary Injunction, and accompanying declarations demonstrate that immediate and irreparable loss, damage, and injury will result to Plaintiffs and to consumers because it is more likely true than not that:

1.  Defendants own or control e-commerce stores via Internet marketplace websites operating under their seller identification names which advertise, promote, offer for sale, and sell products bearing counterfeit and infringing trademarks in violation of Plaintiffs' respective rights;

2.  There is good cause to believe that more counterfeit and infringing products bearing Plaintiffs' trademarks will appear in the marketplace; that consumers are likely to be misled, confused, or disappointed by the quality of these products; and that Plaintiffs may suffer loss of sales for its genuine products.

C.  The balance of potential harm to Defendants in restraining their trade in counterfeit and infringing branded goods if a preliminary injunction is issued is far outweighed by the potential harm to Plaintiffs, their reputation, and goodwill as a manufacturer and distributor of quality products, if such relief is not issued.

D.  The public interest favors issuance of the preliminary injunction in order to protect Plaintiffs' trademark interests and protect the public from being defrauded by the palming off of counterfeit goods as Plaintiffs' genuine goods.

E.  Under 15 U.S.C. § 1117(a), Plaintiffs may be entitled to recover, as an equitable remedy, the illegal profits gained through Defendants' distribution and sales of goods bearing counterfeits and infringements of Plaintiffs' Marks. *See Reebok Int'l, Ltd. v. Marnatech Enters., Inc.*, 970 F.2d 552, 559 (9th Cir. 1992) (quoting *Fuller Brush Prods. Co. v. Fuller Brush Co.*, 299 F.2d 772, 777 (7th Cir. 1962) ("An accounting of profits under § 1117(a) is not synonymous with an award of monetary damages: '[a]n accounting for profits . . . is an equitable remedy subject to the principles of equity.'"))

F.  Requesting equitable relief "invokes the district court's inherent equitable powers to order preliminary relief, including an asset freeze, in order to assure the availability of permanent relief." *Levi Strauss & Co.*, 51 F.3d at 987 (11th Cir. 1995) (citing

*Federal Trade Commission v. United States Oil and Gas Corp.*, 748 F.2d 1431, 1433-34 (11th Cir. 1984)).

   G. In light of the inherently deceptive nature of the counterfeiting business, and the likelihood that Defendants have violated federal trademark laws, Plaintiffs have good reason to believe Defendants will hide or transfer their ill-gotten assets beyond the jurisdiction of this Court unless those assets are restrained.

## IV. CONCLUSION

For the foregoing reasons, it is **ORDERED AND ADJUDGED** that Plaintiffs Application for Preliminary Injunction (ECF No. 7) is **GRANTED** as follows:

  (1) Each Defendant, its officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with any Defendant having notice of this Order are hereby restrained and enjoined until further Order of this Court:

    a. From manufacturing, importing, advertising, promoting, offering to sell, selling, distributing, or transferring any products bearing the Plaintiffs' Marks, or any confusingly similar trademarks, other than those actually manufactured or distributed by Plaintiffs; and

    b. From secreting, concealing, destroying, selling off, transferring, or otherwise disposing of: (i) any products, not manufactured or distributed by Plaintiffs, bearing Plaintiffs' Marks, or any confusingly similar trademarks; or (ii) any evidence relating to the manufacture, importation, sale, offer for sale, distribution, or transfer of any products bearing Plaintiffs' Marks, or any confusingly similar trademarks.

  (2) Each Defendant, its officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with any Defendant having notice of this Order shall immediately discontinue, until further Order of this Court, the use of Plaintiffs' Marks or any confusingly similar trademarks, on or in connection with all Internet based e-commerce stores operated or controlled by them under their Seller IDs;

  (3) Each Defendant, its officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with any Defendant having notice of this Order shall immediately discontinue, until further Order of this Court, the use of Plaintiffs' Marks, or any confusingly similar trademarks within metatags or other markers within website source code, from use on any webpage (including as the title of any web

page), from any advertising links to other websites, from search engines' databases or cache memory, and any other form of use of such terms which is visible to a computer user or serves to direct computer searches to Internet based e-commerce stores and auction website businesses registered by, owned, or operated by each Defendant, including the e-commerce stores operating under their respective Seller IDs;

(4) Each Defendant shall not transfer ownership of the Internet based e-commerce store and auction website businesses under their Seller IDs during the pendency of this Action, or until further Order of the Court;

(5) Each Defendant shall preserve, and continue to preserve, copies of all their computer files relating to the use of any of the Internet based e-commerce store and auction website businesses under their Seller IDs and shall take all steps necessary to retrieve computer files relating to the use of the Internet based e-commerce store under their Seller IDs that may have been deleted before the entry of this Order;

(6) Within five days of receiving notice of this Order, iOffer, Inc. ("iOffer") shall, to the extent not already done, provide Plaintiffs' counsel with all data identifying any and all payment accounts, including PayPal accounts, used by Defendants and/or their e-commerce stores identified on Schedule "A" hereto. Upon receipt of the payment data from iOffer, Plaintiffs shall provide any identified PayPal accounts to PayPal, which shall restrain such accounts in accordance with Paragraph 7, below;

(7) Upon receipt of notice of this Order, PayPal, Inc. ("PayPal")[4] and its related companies and affiliates shall, to the extent not already done, immediately restrain all funds, as opposed to ongoing account activity, in or which hereafter are transmitted into the PayPal accounts related to Defendants and associated PayPal accounts and e-mail addresses identified on Schedule "A" hereto, as well as all funds in or which are transmitted into (i) any other related accounts of the same customer(s), (ii) any other accounts which transfer funds into the same financial institution account(s), and/or any of the other PayPal accounts subject to this Order; and (iii) any other PayPal accounts tied to or used by any of the Seller IDs identified on Schedule "A" hereto;

---

[4] PayPal is licensed to do business in the State of Florida by the Florida Office of the Controller and is therefore subject to personal jurisdiction in this Court. (*See* Declaration of Virgilio Gigante in Support of Plaintiffs' Application for Preliminary Injunction ¶ 3.)

(8)     PayPal shall also immediately, to the extent not already done, divert to a holding account for the trust of the Court all funds in all PayPal accounts related to Defendants and associated PayPal accounts and e-mail addresses identified on Schedule "A," and all funds in all PayPal accounts related to the PayPal account recipients identified by iOffer, and any other related accounts of the same customers as well as any other accounts which transfer funds into the same financial institution account(s) as any of the other PayPal accounts subject to this Order;

(9)     PayPal shall further, to the extent not already done, within five business days of receiving this Order, provide Plaintiffs' counsel with all data which details (i) an accounting of the total funds restrained and identifies the PayPal account(s) which the restrained funds are related to, and (ii) the account transactions related to all funds transmitted into the PayPal account(s) which have been restrained.  Such restraining of the funds and the disclosure of the related financial institution account information shall be made without notice to the account owners until those accounts are restrained.  No funds restrained by this Order shall be transferred or surrendered by PayPal for any purpose (other than pursuant to a chargeback made pursuant to PayPal's security interest in the funds) without the express authorization of the Court;

(10)    This Order shall apply to the Seller IDs, associated e-commerce stores, and any other Seller IDs, e-commerce stores, or PayPal accounts which are being used by Defendants for the purpose of counterfeiting Plaintiffs' Marks at issue in this action and/or unfairly competing with Plaintiffs;

(11)    PayPal or any Defendant or PayPal account holder may petition the Court to modify the asset restraint set out in this Order;

(12)    Pursuant to 15 U.S.C. § 1116(d)(5)(D) and Federal Rule of Civil Procedure 65(c), Plaintiffs shall maintain their previously posted bond in the amount of Ten Thousand Dollars and Zero Cents ($10,000.00), as payment of damages to which Defendants may be entitled for a wrongful injunction or restraint, during the pendency of this action, or until further Order of the Court. In the Court's discretion, the bond may be subject to increase should an application be made in the interest of justice;

(13)    This Preliminary Injunction shall remain in effect during the pendency of this action, or until further Order of this Court.

**DONE and ORDERED** in chambers, at Miami, Florida, this 20th day of August 2015.

_____
MARCIA G. COOKE
United States District Judge

Copies furnished to:
*Edwin G. Torres, U.S. Magistrate Judge*
*Counsel of record via e-mail*

## SCHEDULE "A"
## DEFENDANTS BY SELLER ID AND ASSOCIATED PAYPAL ACCOUNT

| Defendant Number | Defendant / Seller ID | PayPal Account |
|---|---|---|
| 1 | adilkas | tradekass@gmail.com |
| 2 | acsmartshop | acsmartshop@gmail.com |
| 3 | alfons | alfons.wijaya@yahoo.com |
| 4 | appiz2207 | appiz2207@gmail.com |
| 5 | best-deal2014 | eliecerbaquedano.tsu@gmail.com |
| 6 | bluemoonshop | jutaratapan@hotmail.com |
| 6 | sport101 | jutaratapan@hotmail.com |
| 7 | *Dismissed* | |
| 8 | cristiano_ronaldo | sianraha@gmail.com |
| 9 | darren4 | generouslike@hotmail.com |
| 10 | dursamil | dursamilaker@gmail.com |
| 11 | elian | adeliamutya@gmail.com |
| 12 | *Dismissed* | |
| 13 | firststore | karnintara@hotmail.com |
| 14 | funandhappy | jatostore@gmail.com |
| 15 | globalmax365 | dylan_tam@yahoo.com |
| 16 | grandmall | grandmallworld@gmail.com |
| 17 | jajashoppe | lotus_5442@yahoo.com |
| 18 | joeybless | soccer_thailand99@hotmail.com |
| 19 | kiatisak | kiettisak.sresnak@yahoo.com |
| 20 | loopsjerseys | tommylupoli@yahoo.com |
| 21 | lyubkom | lyubokomail@gmail.com |
| 22 | maximato | siulfiul@gmail.com |
| 23 | maxishop | maxwenshop@gmail.com |
| 24 | mejor | perezxyz@hotmail.com |
| 25 | memeshop | venomargata@gmail.com |
| 26 | miraaccesories | johandwi498@gmail.com |
| 27 | mitsu_mirage | williamhendrik88@gmail.com |
| 28 | mshuk | mshukri_79@yahoo.com |
| 28 | mycheapstore | mshukri_79@yahoo.com |
| 29 | mvpding | mvpdengding@gmail.com |
| 30 | nextstore | sugengcahyo48@yahoo.com |
| 31 | okshop | nontirat@hotmail.com |
| 32 | outlander-sport | leonardohendrik32@gmail.com |
| 33 | pagalbiter | pagalbiter@gmail.com |
| 34 | rachmania | bee250410@gmail.com |
| 35 | rainbowstore | leftdesign@yahoo.co.id |
| 36 | ristadi3 | jagalukitam@gmail.com |

| | | |
|---|---|---|
| 37 | seri_2014 | seri_2014@yahoo.com |
| 38 | soccerjerseysports | thailand_stuff@hotmail.com |
| 39 | taylor34 | viscometereu@hotmail.com |
| 40 | theflock | nov14manda@gmail.com |
| 41 | todosportstore | todosports15@gmail.com |
| 42 | virtu303 | alvirtu806@gmail.com |
| 43 | waza | dialupa728@yahoo.com |
| 44 | zigzagstore | earlybedjo@gmail.com |
| 45 | chouweixiangtou2015 | shenglonghuohu2015@outlook.com |
| 46 | customjersey | ebayseller@naver.com |
| 47 | italydesign | vesmara@abv.bg |
| 48 | mahiccoo | biwly22gali@126.com |
| 49 | myshopehere | mohdsaupi1986@gmail.com |
| 50 | wonfu | chuang0928@hotmail.com<br>stinkypoo22@126.com |
| 51 | ya99jj | liwan6688@126.com |

## SCHEDULE "B"
## DEFENDANTS' RESPECTIVE PAYPAL ACCOUNTS

**Schedule "B-1" - Kathleen Burns' Investigation**

| Defendant Number | Defendant / Seller ID | PayPal Account |
|---|---|---|
| 1 | adilkas | tradekass@gmail.com |
| 2 | acsmartshop | acsmartshop@gmail.com |
| 3 | alfons | alfons.wijaya@yahoo.com |
| 4 | appiz2207 | appiz2207@gmail.com |
| 5 | best-deal2014 | eliecerbaquedano.tsu@gmail.com |
| 6 | bluemoonshop | jutaratapan@hotmail.com |
| 6 | sport101 | jutaratapan@hotmail.com |
| 8 | cristiano_ronaldo | sianraha@gmail.com |
| 9 | darren4 | generouslike@hotmail.com |
| 10 | dursamil | dursamilaker@gmail.com |
| 11 | elian | adeliamutya@gmail.com |
| 13 | firststore | karnintara@hotmail.com |
| 14 | funandhappy | jatostore@gmail.com |
| 15 | globalmax365 | dylan_tam@yahoo.com |
| 16 | grandmall | grandmallworld@gmail.com |
| 17 | jajashoppe | lotus_5442@yahoo.com |
| 18 | joeybless | soccer_thailand99@hotmail.com |
| 19 | kiatisak | kiettisak.sresnak@yahoo.com |
| 20 | loopsjerseys | tommylupoli@yahoo.com |
| 21 | lyubkom | lyubokomail@gmail.com |
| 22 | maximato | siulfiu1@gmail.com |
| 23 | maxishop | maxwenshop@gmail.com |
| 24 | mejor | perezxyz@hotmail.com |
| 25 | memeshop | venomargata@gmail.com |
| 26 | miraaccesories | johandwi498@gmail.com |
| 27 | mitsu_mirage | williamhendrik88@gmail.com |
| 28 | mshuk | mshukri_79@yahoo.com |
| 28 | mycheapstore | mshukri_79@yahoo.com |

15

| 29 | mvpding | mvpdengding@gmail.com |
|---|---|---|
| 30 | nextstore | sugengcahyo48@yahoo.com |
| 31 | okshop | nontirat@hotmail.com |
| 32 | outlander-sport | leonardohendrik32@gmail.com |
| 33 | pagalbiter | pagalbiter@gmail.com |
| 34 | rachmania | bee250410@gmail.com |
| 35 | rainbowstore | leftdesign@yahoo.co.id |
| 36 | ristadi3 | jagalukitam@gmail.com |
| 37 | seri_2014 | seri_2014@yahoo.com |
| 38 | soccerjerseysports | thailand_stuff@hotmail.com |
| 39 | taylor34 | viscometereu@hotmail.com |
| 40 | theflock | nov14manda@gmail.com |
| 41 | todosportstore | todosports15@gmail.com |
| 42 | virtu303 | alvirtu806@gmail.com |
| 43 | waza | dialupa728@yahoo.com |
| 44 | zigzagstore | earlybedjo@gmail.com |
| 45 | chouweixiangtou2015 | shenglonghuohu2015@outlook.com |
| 46 | customjersey | ebayseller@naver.com |
| 47 | italydesign | vesmara@abv.bg |
| 50 | wonfu | chuang0928@hotmail.com<br>stinkypoo22@126.com |
| 51 | ya99jj | liwan6688@126.com |

**Schedule "B-2" - Eric Rosaler's Investigation**

| Defendant Number | Defendant / Seller ID | PayPal Account |
|---|---|---|
| 48 | mahiccoo | biwly22gali@126.com |
| 49 | myshopehere | mohdsaupi1986@gmail.com |